IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-00145-DGK-05 |
| | ) | |
| BRAN RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant's Motion to Suppress (Doc. 135) and United States Magistrate Judge Sarah W. Hays' Report and Recommendation (Doc. 229). After reviewing Judge Hays' report and conducting an independent review of applicable law and the record, including all responses and replies to the motion to suppress (Docs. 144, 146, 198, 200, 203, 205), the objections and responses to the Report and Recommendation (Docs. 239, 260, 263), the transcript from the suppression hearing held on January 21, 2020 (Docs. 181, 182), and the admitted exhibits, the Court ADOPTS the Report and Recommendation (Doc. 229).

Defendant makes several objections to the Magistrate's findings of fact. He complains not only about the Magistrate's word choice,[1] but also that the Magistrate failed to include in the facts that no officer saw movement in the house prior to Defendant's arrest. These objections are without merit. The Magistrate appropriately recounted the facts and properly omitted facts which had no bearing on the legal analysis.

---

[1] For example, Defendant complains the Magistrate found that "the team was told again that codefendants Paz and Gonzalez might be present at the residence," instead of stating "there was a possibility" that Paz and Gonzalez "might be present at the residence." In another instance, he alleges the Magistrate erred by stating Defendant asked officers to get him clothing instead of finding that the officers asked Defendant if he wanted clothes, to which he responded, "yes."

As to his objections to the Magistrate's conclusions of law, Defendant contends that the "clothing exception" to the warrant requirement is unlawful, and, alternatively, that the officers exceeded the scope of the "clothing exception" by conducting a protective sweep before gathering Defendant's clothes from his bedroom. This Court agrees with Judge Hays that the clothing exception to the warrant requirement is lawful. *See United States v. Reid*, 769 F.3d 990, 993 (8th Cir. 2014) (upholding the denial of a motion to suppress evidence recovered in plain view after accompanying the arrestee to her bedroom to obtain clothing). In this case, both Defendant—who was arrested in his boxers—and his grandmother requested that the officers enter Defendant's bedroom to obtain clothes, and, thus, the "clothing exception" applies. The Court further finds that based on the officers' knowledge that co-conspirators had previously been observed at Defendant's home and that the co-conspirators were known to have weapons, the officers reasonably conducted a valid protective sweep of Defendant's bedroom prior to retrieving his clothes.

Defendant's Motion to Suppress is DENIED (Doc. 135).

**IT IS SO ORDERED.**

Date: July 20, 2020                                          /s/ Greg Kays
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT